# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-120
### (Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
KEVIN KOEN,                          *        Filed: March 31, 2015
                                     *
              Petitioner,            *
    v.                               *
                                     *
                                     *        Petitioner's Motion for a Decision
SECRETARY OF HEALTH                  *        Dismissing the Petition; Vaccine Act
AND HUMAN SERVICES,                  *        Entitlement; Denial Without Hearing
                                     *
              Respondent.            *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Howard Gold*, Gold Law Firm, LLC, Wellesley Hills, MA, for Petitioner.

*Althea Davis*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING CASE[1]

On February 11, 2014, Kevin Koen filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he was administered the influenza vaccine in late 2010 and thereafter suffered Transverse Myelitis and Multiple Sclerosis, both of which were caused and/or exacerbated by the vaccination. *See* Petition at 1 (ECF No. 1).

Despite his best efforts in 2014, Petitioner was unable to establish proof of vaccination. During a status conference in this case that was held on March 16, 2015, Petitioner's progress in obtaining proof of vaccination was discussed, and I agreed to provide him with a final opportunity

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

to marshal all such evidence, along with any relevant case law in support of his claim. Order at 1 (ECF No. 23).

Petitioner has now filed a motion seeking dismissal of this case. Pet'r's Unopposed Mot. for a Dismissal Decision at 1 (ECF No. 24). In that motion, Petitioner indicates that he cannot provide additional testimony or documentation supporting evidence of vaccination in December 2010. *Id.* Petitioner also represented that Respondent expressed no opposition to the motion. *Id.*

To receive compensation under the Vaccine Program, a petitioner has the threshold burden of proving that he received a covered vaccination. § 11(c)(1)(A). An examination of the record, however, does not uncover sufficient persuasive evidence regarding Petitioner's receipt of the flu vaccination. Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. §13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet his burden of proof on the threshold issue of proof of vaccination. Petitioner's claim therefore cannot succeed and must be dismissed. §11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master